**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **LARRY KIRBY,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05cv0623 AS** |
| | ) | |
| **JOHN VANNATTA,** | ) | |
| | ) | |
| **Respondent** | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about October 3, 2005, *pro se* petitioner, Larry Kirby, an inmate at the Miami

Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28

U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of

Indiana on March 1, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*,

689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State

of Indiana.  At the time of the filing of this petition he was incarcerated in the MCF in this

district, convicted by a court in the State of Indiana.  The details of the same are presented

in *Kirby v. State*, 822 N.E. 2d 1097 (2005).  The Supreme Court of Indiana denied transfer

with reference to the aforesaid opinion on June 14, 2005.

In twin opinions on the same day, the Supreme Court of the United States

unanimously  ruled with regard to the respect the state proceedings are entitled to in this

context.  *See Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002).  *See also Bell v. Cone*, 543 U.S. 447 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004).  More recently, *see Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006).  By federal statute, the decision of the state court is entitled to a presumption of correctness unless it is rebutted by clear and convincing evidence.  See 28 U.S.C. §2254(e)(1).  This petitioner has not rebutted that presumption.

This petitioner apparently is now confined on the 1999 conviction in Boone County, Indiana of battery which was enhanced by an adjudication of habitual offender.  Entering this picture from the petitioner's standpoint are earlier 1975 convictions in the same county with regard to entering to commit a felony and second degree burglary, which were used to support a habitual offender charge.  It is the view here that Judge Bailey of the Court of Appeals of Indiana in a carefully drawn opinion concurred in by Judges Sullivan and Mathias got it right.

The question that has been brought up by the Attorney General, not surprisingly, has to do with a statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) (AEDPA), which in reality became effective after a judicially created period of grace on April 24, 1997.  The focus is on 28 U.S.C. §2244(d).  See *Artuz v. Bennett*, 531 U.S. 4 (2000), as well as *Griffith v. Kentucky*, 479 U.S. 314 (1987).  The earlier convictions in Boone County became final on November 29, 1975.  However, under the AEDPA he had until at least April 24, 1997 to file petitions with reference to them, and

he did not do so.  There is a very serious question here as to whether there is any basis for any kind of tolling.

This petitioner certainly does not seem to have fitted his arguments into *Dretke v. Haley*, 541 U.S. 386 (2004).  There is certainly an independent state of law basis for the decision of the Court of Appeals of Indiana, and the same is adequate under *Franklin v. Gilmore*, 188 F.3d 877 (7th Cir. 1999).  The composite effect of *Maleng v. Cook*, 490 U.S. 488 (1989) and *Lackawanna County District Attorney v. Coss,* 532 U.S. 394 (2001) precludes this court from considering a Section 2254 challenge to these fully expired 1975 convictions.  Thus, there is no basis for relief here under 28 U.S.C. §2254.  Relief therefore is **DENIED**.  **IT IS SO ORDERED**.

**DATED:**  April 19, 2006


　　　　　　　　　_____
　　　　　　　　　**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**